IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY WARREN, 1334008, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 3:08-CV-2163-D |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for burglary of a habitation enhanced by one prior felony conviction. *State of Texas v. James Anthony Warren*, No. F-0548406-WL (Crim. Dist. Ct. No. 5, Dallas County, Tex., Oct. 11, 2005). Petitioner was sentenced to thirty-five years confinement.

On October 24, 2006, the Fifth District Court of Appeals affirmed the conviction. *Warren v. State*, No. 05-05-01498-CR (Tex. App. – Dallas 2006). Petitioner did not file a petition for discretionary review.

On April 2, 2007, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Warren*, Application No. 39,747-03. On December 12, 2007, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On January 17, 2008, Petitioner filed a second state habeas application. *Ex parte Warren*, Application No. 39,747-04. On May 14, 2008, the Court of Criminal Appeals dismissed the application as an abuse of the writ.

On December 5, 2008, Petitioner filed this federal petition. He argues:

(1)  The trial court committed error when it included a voluntary intoxication instruction in the jury charge;

(2)  The trial court committed error when it defined reasonable doubt for the jury;

(3)  The evidence was insufficient to support the conviction;

(4)  He received ineffective assistance of trial counsel because counsel:

   (a)  failed to object that there was insufficient evidence to support the conviction;

   (b)  failed to object to the jury charge;

   (c)  failed to notify Petitioner regarding his appeal rights and file a petition for discretionary review;

   (d)  failed to object to the prosecutor's comments; and

   (e)  failed to present closing arguments;

(5)  The prosecutor knowingly presented perjured testimony.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

On January 16, 2005, at approximately 11:30 p.m., Officer Ortega responded to a suspicious person call. The caller reported a white male knocking on doors and acting suspicious. While patrolling the area, Officer Ortega noticed a white male hiding behind a residence holding a vacuum and what appeared to be white trash bags. Officer Ortega then called for cover. While waiting for cover, she observed appellant walk behind the residence and appear on the other side of the home without the vacuum and white trash bags.

Officer Ortega called appellant over to her squad car and he fully cooperated by providing identification. When asked about his presence at the residence, appellant said he was helping his aunt move. When Officer Ortega's cover officers arrived, one stayed with appellant while the other two searched the house, which was opened and unoccupied. The home clearly looked like someone had been inside searching for things, and the refrigerator door was open with food on the floor. The officers also recovered the items appellant left behind the house, which included jewelry, a wallet, and frozen food in what was actually a white pillowcase.

After officers located the owner of the home, she clarified that appellant was not her nephew, nor had she given him permission to enter her residence. Appellant was then arrested. During the routine pat down, officers discovered rings in his pockets that the complainant later identified as her own. Appellant also told one of the officers, "I went in. The door was open."

*Warren v. State*, No. 05-05-01498-CR at 1.

### III. Discussion

### 1.    Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

(d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.   Procedural Bar**

Petitioner raises a number of claims that are procedurally barred from review. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

**(a)   Insufficiency of the Evidence**

Petitioner argues the evidence was insufficient to support the conviction. The record shows Petitioner did not raise this claim on direct appeal. He attempted to raise the claim in his

state habeas petition, but the court found the claim was not cognizable on collateral review. (*Ex parte Warren*, No.39,747-03 at 48). The Fifth Circuit has recognized that a claim of insufficiency of the evidence is procedurally barred if a petitioner fails to exhaust the claim on direct appeal. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). This claim is therefore procedurally barred.

**(b) Jury Charge**

Petitioner argues the trial court erred when it defined reasonable doubt in the jury charge and when it included an instruction on voluntary intoxication. The state habeas court found that Petitioner raised these claims on direct appeal, and that they could not be re-litigated on collateral review. (*Ex parte Warren*, No. 39,747-03 at 48). The claims were not exhausted before the Texas Court of Criminal Claims, however, because Petitioner failed to file a petition for discretionary review. This procedural default in state court bars federal habeas review. *See Heiselbetz v. Johnson*, 190 F.3d 538, 1999 WL 642862, at *6 (5th Cir. July 26, 1999) (not designated for publication).

**(c) Perjured Testimony**

Petitioner argues the prosecutor committed misconduct when she knowingly used perjured testimony. Petitioner raised this claim in his second state habeas petition. The Court of Criminal Appeals dismissed the petition as an abuse of the writ. A second habeas petition is an abuse of the writ if the petitioner argues grounds that could have been raised in the first petition, but were not raised. *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir. 1991) (per curiam). A state dismissal on this ground is a procedural default for federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (1995).

### (d) Ineffective Assistance of Counsel

Petitioner argues defense counsel was ineffective because he (1) failed to object to the involuntary intoxication jury instruction; (2) failed to object to the definition of reasonable doubt in the jury charge; and (3) failed to request a lesser included offense in the jury charge. Petitioner did not raise these claims in state court. Accordingly, the Texas Court of Criminal Appeals has not reviewed these claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal under the abuse-of-the-writ doctrine. These claims are therefore procedurally barred.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was

more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

### 3. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(a) Failure to object to insufficiency of the evidence**

Petitioner argues his counsel was ineffective because he failed to argue that the evidence was insufficient to support the conviction. Under Texas law, to prove burglary of a habitation,

the state was required to prove that:

    (a)    [W]ithout the effective consent of the owner, the person:

    \* \* \*

    (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PENAL CODE § 30.02(a)(3).

In this case, Officer Ortega testified that she responded to a suspicious person call. (Trial Tr. at 134.) When she arrived at the location, she saw a white male standing behind a residence holding a vacuum cleaner and what appeared to be white trash bags. (*Id*.) She saw the suspect go behind the house and re-emerge without the vacuum cleaner and bags. (*Id*. at 137.) She called the suspect over to her squad car. Officer Ortega testified the suspect produced his identification and she identified Petitioner in court as the suspect. (*Id*. at 139.) Ortega stated that Petitioner told her his aunt owned the house and he was helping her move. (*Id*. at 140.) Officer Ortega and another officer retrieved the bag left behind the house and also entered the house looking for any occupants. (*Id*. at 142). They found no one in the house. Officers telephoned the home-owner and had her come to the scene. (*Id*. at 143.) The home-owner told them Petitioner was not her nephew and he did not have permission to be in her house. (*Id*.) Officers then arrested Petitioner and searched his pockets. They found rings in his pockets that the home-owner identified as her property. (*Id*.) Officer Ortega also testified that the white bag that she saw Petitioner holding was actually a pillowcase. (*Id*. at 145.) Inside the pillowcase was jewelry and frozen food. The home-owner identified these items, and the vacuum cleaner, as her property. (*Id*.)

Officers Rangel and Cooper testified at trial that they assisted Officer Ortega at the scene. They corroborated Officer Ortega's testimony regarding the incident. (*Id*. at 152-166).

The home-owner testified that she was at her daughter's house when she received the phone call from police. (*Id*. at 177.) She returned home and informed police that she did not know Petitioner and she did not give him permission to be in her house. (*Id*.) She also identified items that Petitioner took from her home. (*Id*. at 179.) The defense called no witnesses.

Given the substantial evidence against Petitioner, he has failed to show that his counsel was deficient for failing to argue the evidence was insufficient to support the conviction. Defense counsel was not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This claim should be denied.

**(b)** **Petition for Discretionary Review**

Petitioner argues his counsel failed to inform him that his direct appeal had been denied, failed to file a petition for discretionary review, and failed to inform Petitioner that he could file a *pro se* petition for discretionary review.

On state habeas review, defense counsel submitted an affidavit and a copy of a letter he sent to Petitioner. (*Ex parte Warren*, No. 39,747-03 at 50-51.) The letter is dated October 26, 2006, and informs Petitioner that his appeal was denied. The letter also informs Petitioner that he may file a petition for discretionary review, and that Petitioner must either hire an attorney for the petition for discretionary review, or file the petition *pro se*. The state court found defense counsel credible, and denied this claim. Petitioner has submitted no evidence to contradict the state court's findings. He has failed to show the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceedings. This claim should be denied.

### (c) Prejudicial and Inflammatory Remarks

Petitioner argues his counsel was ineffective because he failed to object to the prosecutor's prejudicial and inflammatory remarks. Petitioner, however, fails to identify the alleged prejudicial or inflammatory statements. His claim is conclusory and should be denied.

### (d) Closing Arguments

Petitioner argues his counsel was ineffective because he failed to make a closing argument during the guilt/innocence phase of the trial. On state habeas review, defense counsel submitted an affidavit explaining that he decided not to make a closing statement based on trial strategy. He stated:

> After the police officer that apprehend (sic) Mr. Warren testified, there was no doubt as to his guilt. This is when Mr. Warren admitted to me that he had lied about his guilt.
>
> I waived the presentation of argument in the guilt/innocents (sic) phase of the trial because I knew we had compelling punishment witnesses and I did not wish to destroy our credibility with the Jury by presenting a ridiculous argument. Mr. Warren had no objection to this strategy.

(*Ex parte Warren*, No. 39,747-03 at 54.)

The state court found defense counsel credible and denied this claim. Petitioner has failed to show that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992) ("Strategic choices of trial counsel are granted a heavy measure of deference in a subsequent habeas corpus attack."). He has failed to show his counsel's performance was deficient and that he suffered the required prejudice. This claim should be denied.

### 4. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 17th day of March, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).